# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES - GENERAL

**JS-6**

| Case No. | **EDCV 15-1170 JGB (KKx)** | Date | June 17, 2015 |
|---|---|---|---|
| Title | *Rylor Properties Inc., et al. v. Delia M. Jimenez* | | |

Present: The Honorable JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **Minute Order REMANDING Action to California Superior Court for the County of San Bernardino (IN CHAMBERS)**

## I. BACKGROUND

On June 9, 2015, Plaintiffs Rylor Properties Inc. and Proper T View Inc., ("Plaintiffs") filed a complaint for unlawful detainer and money damages ("Complaint") against Defendant Delia M. Jimenez ("Defendant" or "Jimenez") in California Superior Court for the County of San Bernardino. ("Complaint," Doc. No. 1 at 9-10.) On June 16, 2015, Defendant Jimenez removed the action to this Court. (Not. of Removal, Doc. No. 1.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. DISCUSSION

Defendant primarily alleges that removal is proper on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (Not. of Removal at 1-4.) In passing, Defendant also asserts that the amount in controversy exceeds $75,000, and thus, for the sake of completeness, the Court will also address whether diversity jurisdiction is proper, pursuant to 28 U.S.C. § 1332. (Not. of Removal at 2.)

In order for removal to be proper on the basis of federal question jurisdiction, Defendants must show that Plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

From the face of the Complaint, Plaintiffs' only claim is for unlawful detainer, (Complaint at 1-2), which is a California state law action, see Wells Fargo Bank v. Lapeen, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)). Further, Plaintiffs' right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. Rather, Plaintiffs will likely be entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit was served upon Defendant as required by California Code of Civil Procedure § 1161a. See Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977).

Defendant argues that federal question jurisdiction exists because Plaintiffs violated provisions of the Internal Revenue Service Code, regulations of the Department of Housing and Urban Development, and other federal regulations and statutes. (Not. of Removal at 3.) Those arguments, however, are not sufficient to demonstrate that the Complaint raises a federal question. Accordingly, because of the absence of a federal claim or substantial question of federal law, Defendant has not shown that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Defendant potentially also asserts that diversity jurisdiction is proper. (Not. of Removal at 2.) Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). Defendant does not allege the citizenship of the Plaintiffs. Moreover, the amount in controversy does not appear to exceed $75,000; the Complaint stated that it was for "UNDER $10,000" and that "Plaintiff waives all damages in excess of $25,000." (Complaint at 2.) Moreover, the requested damages are only for $65.75 per day since June 9, 2015. (Id.)

Moreover, Defendant provides no basis for the belief that the amount in controversy exceeds $75,000.  (Not. of Removal at 2.)  Therefore, Defendant has failed to demonstrate that the amount in controversy is satisfied.

In sum, this Court lacks jurisdiction over this unlawful detainer matter, and thus removal was not appropriate.

### IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met his burden of establishing that this case is properly in federal court.  See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

For the foregoing reasons, the Court REMANDS this action to the Superior Court of California for the County of San Bernardino.

**IT IS SO ORDERED.**